UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES OF AMERICA

v.  CASE NO: 8:04-cr-185-T-24TBM

ZANDRINA ALEXANDER
_____/

## **ORDER**

This cause comes before the Court on Defendant's Renewed Motion for Judgment of Acquittal (Doc. No. 122). The Government filed a response in opposition thereto (Doc. No. 130).

On January 18, 2006, a Jury found the Defendant Zandrina Alexander not guilty as to the offense of conspiracy to defraud the United States in connection with the Medicare Part B program, and to commit health care fraud, to present false claims against the government, and offering and receiving illegal remunerations, in violation of 18 U.S.C. § 371 (Count I). The Jury also found the Defendant Zandrina Alexander not guilty as to the offense of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2 (Count II). The Jury found the Defendant Zandrina Alexander guilty as to the offense of presenting false claims against the government, in violation of 18 U.S.C. §§ 287 and 2 (Count V).

Defendant Zandrina Alexander requests this Court set aside the verdict of guilt on Count V and enter a Judgment of Acquittal. Defendant Zandrina Alexander argues that these verdicts are illogical and inconsistent. The Court does not disagree that they are inconsistent. However, even if the verdicts are inconsistent, that standing alone is not a reason to set aside the guilty verdicts. See U.S. v. Mitchell, 146 F.3d 1338, 1344 (11th Cir. 1998)(citing U.S. v. Powell, 469

U.S. 57, 68-69 (1984)); see also U.S. v. Odom, 252 F.3d 1289, 1298 (11th Cir. 2001)(citation omitted)). Defendant Zandrina Alexander also argues that the evidence is insufficient to support the Jury's guilty verdict on Count V, and therefore, vacatur is appropriate. The Court disagrees. The evidence is sufficient to support the Jury's guilty verdict on Count V. Accordingly, Defendant's Renewed Motion for Judgment of Acquittal is denied.

Alternatively, pursuant to Fed. R. Crim. P. 33, Defendant Zandrina Alexander requests that this Court grant her a new trial to avoid a miscarriage of justice. Fed. R. Crim. P. 33 states in relevant part:

> (a)   Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.

Here there was no miscarriage of justice. The evidence at trial was sufficient to support the Jury's verdict on Count V. Accordingly, Defendant's motion for a new trial is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Renewed Motion for Judgment of Acquittal (Doc. No. 122) is **DENIED**. Defendant's motion for a new trial is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of March, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record